*62
 
 By the Court.
 

 The sole issue presented is a question of law as to the meaning of amended Section 17-la, General Code.
 

 Before this amendment this section read as follows :
 

 “It shall be the duty of the chief of the fire department of each city to divide the uniform force into platoons, and the said chief shall not keep a platoon of the uniform force on duty more than twenty-four consecutive hours, except in cases of extraordinary emergency, after which the platoon serving twenty-four hours shall be allowed to remain off duty for twenty-four consecutive hours. This section shall not apply to any city that may have adopted or may hereafter adopt the eight hour regulation for its fire department. ’ ’
 

 Under this unambiguous language the hours of duty, except in cases of emergency, were limited to twenty-four consecutive hours with the succeeding consecutive twenty-four hours off duty.
 

 What change, then, resulted from the amendments that became effective September 6, 1939 (118 Ohio Laws, 666) ? These present provisions are as follows:
 

 “It shall be the duty of the chief of the fire department of each city to divide the uniform force into not less than two platoons, and the said chief shall not keep a platoon of the uniform force on duty more than twenty-four consecutive hours, except in cases of extraordinary emergency, after which the platoon serving twenty-four hours shall be allowed to remain off duty for at least twenty-four consecutive hours. Each individual member of the- platoons in addition to re-, ceiving a minimum of twenty-four hours off duty in each period of forty-eight hours shall receive an additional period of twenty-four consecutive hours off duty in each period of fourteen days. The chief of the fire department shall arrange the schedule of' working
 
 *63
 
 hours to comply with the provisions of this section. In each city all employees of the fire department shall be given not less than two weeks leave of absence annually, with full pay. The provisions of this section relating to the off duty periods shall not apply to any city that may have adopted or may hereafter adopt the eight hour regulation for its fire department, but the provisions relating to the two weeks leave of absence shall apply thereto.”
 

 This controversy arises from the sentence: “Each individual member of the platoons in addition to receiving a minimum of twenty-four hours off duty in each period of forty-eight hours shall receive an additional period of twenty-four consecutive hours off duty in each period of fourteen days.” The relator contends that since the former statute resulted in seven twenty-four-hour working periods and seven twenty-four-hour rest periods in two weeks, the amendment now requires six such working periods and eight such rest periods in two weeks:-and thereby allows three consecutive rest periods once every two weeks. Thus if a fireman were on duty the -first, third, fifth, seventh, ninth and eleventh days in a period of two weeks, he would then be entitled to rest during the twelfth, thirteenth and fourteenth days. One difficulty with this contention is that the amendment makes no mention of three consecutive twenty-four-hour rest periods or of six working periods and eight rest periods every two weeks. The specific requirement of the present provision is that each fireman “shall receive an additional period of twenty-four consecutive hours off duty in each period of fourteen days.” In other words, the amendment now provides that instead of each working period being followed by only twenty-four hours off duty, there shall be one exception. That exception is that once every two weeks one working
 
 *64
 
 period shall be followed by “an additional period of twenty-fonr consecutive hours ’ ’ — a total of forty-eight —off duty before returning to his work. The schedule of working hours arranged by the respondent conforms to this requirement by providing, for example, that in one period of two weeks a fireman who works on the first, third, fifth, seventh, ninth and eleventh days shall be off duty on the twelfth and thirteenth days and shall work on the fourteenth day. Thus, once each two weeks the fireman receives the distinct advantage of an additional or double period off duty, and in no instance is he scheduled to be on duty longer than a single period of twenty-four consecutive hours.
 

 Inasmuch as the schedule arranged by the respondent is in conformity with the provisions of the amended statute, the writ of mandamus sought by the relator must be denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.
 

 Bell, J., dissents.